UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

AT KANSAS CITY

| | |
|---|---|
| CORA E. BENNETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:09-cv-02122-EFM-KMH<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WEST VIRGINIA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. SUMMARY OF THE ACTION .............................................................................2

III. ARGUMENT .........................................................................................................4

A. The PSLRA's Lead Plaintiff Provisions ...................................................................4

B. West Virginia Is the "Most Adequate Plaintiff" ........................................................5

1. West Virginia Has the Largest Financial Interest in the Relief Sought by the Class ..........................................................................5

2. West Virginia Satisfies Rule 23 ..........................................................5

a. West Virginia Is Typical ..................................................5

b. West Virginia Is Adequate ..................................................6

C. The Court Should Approve West Virginia's Selection of Coughlin Stoia as Lead Counsel ..............................................................................................6

IV. CONCLUSION ........................................................................................................7

Class member and proposed lead plaintiff West Virginia Investment Management Board ("West Virginia" or "Movant"), in connection with its acquisition of the common stock of Sprint Nextel Corporation ("Sprint" or the "Company"), respectfully submits this memorandum of law in support of its motion for entry of an order: (1) appointing West Virginia as lead plaintiff; and (2) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel.

## I. INTRODUCTION

Currently pending in this district is a class action lawsuit brought on behalf of all persons who purchased or otherwise acquired the common stock of Sprint between October 26, 2006 and February 27, 2008 (the "Class Period"), against Sprint and certain of its former officers and/or directors for violations of the Securities Exchange Act of 1934 ("1934 Act").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class that otherwise satisfies the applicable requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, West Virginia should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any plaintiff or lead plaintiff movant of which Movant is aware; and (3) will adequately represent the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii). *See* Declaration of Lynn R. Johnson in Support of West Virginia's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Johnson Decl."), Ex. A. Finally, West Virginia's selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members. Johnson Decl., Ex. C.

## II. SUMMARY OF THE ACTION

Sprint, headquartered in Overland Park, Kansas, is a global communication company offering a range of wireless and wireline communications products and services for individual consumers, businesses and government customers.[1]

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false statements, Sprint stock traded at artificially inflated prices during the Class Period.

In December 2004, Sprint Corporation and Nextel Communications ("Nextel") announced that they would merge. The merger was completed on August 12, 2005, with Sprint Corporation buying Nextel for $37.8 billion. The merger turned out to be a disaster, as the Company has had difficulties in combining the resources of the two companies due to culture clashes and technological issues.

However, during the Class Period, defendants repeatedly assured the market that the Company was poised for a turnaround and was focused on improving its core operations. As late as the summer of 2007, defendants continued to play down and conceal Sprint's problems with its network and with its customer service issues and subscriber base. Beginning in early fall 2007, Sprint finally began to acknowledge that its initiatives were not working and that the Company was experiencing a serious deterioration in its subscriber base, due both to a slow down in new growth and a massive defection of its current subscribers to its competitors.

On February 28, 2008, before the market opened, the Company reported fourth quarter and full year 2007 financial results, including a net loss for the quarter of $29.5 billion or $10.36 diluted

---

[1] All factual allegations are taken from the complaint filed in *Bennett v. Sprint Nextel Corp., et al.*, No. 2:09-cv-02122-EFM-KMH (D. Kan. Mar. 10, 2009).

loss per share. On this news, Sprint's stock fell to close at $8.09 per share on volume of 126 million shares.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company's CDMA business was not as healthy as represented; (b) the Company would be unable to complete its migration of its entire customer base to a uniform billing platform by 2007 from the multiple legacy platforms, thus continuing to cause customer service problems and having a negative effect on the Company's voluntary churn rate; (c) the Company had not taken the proper steps to address its customer service issues; (d) the Company failed to disclose known trends and uncertainties as required by Securities and Exchange Commission regulations concerning the loosening of its credit standards for its CDMA network and its failure to take the proper steps to address customer service issues, which would have a negative effect on the Company's operations in the future; (e) the Company was not adequately reserving for its impaired goodwill associated with Nextel or its allowance for bad debts related to subprime subscribers in violation of Generally Accepted Accounting Principles ("GAAP"), causing its financial results to be materially misstated; (f) the Company had far greater exposure to liquidity concerns and ratings downgrades than it had previously disclosed; (g) the Company was failing to integrate the CDMA network and the iDEN network; and (h) given the increased volatility in the subprime market, the intense competition in the wireless industry and the problems facing Sprint due to its failure to integrate legacy Sprint and legacy Nextel operations, the Company's projections issued during the Class Period about its earnings for 2007 and 2008 were, at a minimum, reckless.

As a result of defendants' false statements, Sprint's stock traded at inflated levels during the Class Period. However, after the above revelations leaked into the market, the Company's shares were hammered by massive sales, sending them down more than 65% from their Class Period high.

## III. ARGUMENT

### A. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of lead plaintiffs in private actions arising under the 1934 Act. 15 U.S.C. §78u-4(a)(3). First, the plaintiff who files the initial action must publish a notice to the class (within 20 days of filing the action) informing class members of their right to file a lead plaintiff motion. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on *Business Wire* on March 10, 2009. *See* Johnson Decl., Ex. B. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### B. West Virginia Is the "Most Adequate Plaintiff"

#### 1. West Virginia Has the Largest Financial Interest in the Relief Sought by the Class

West Virginia purchased Sprint common stock during the Class Period and suffered losses of over $4.5 million in connection therewith. *See* Johnson Decl., Ex. A. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

#### 2. West Virginia Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of a class representative. *See, e.g.*, *Yates v. Open Joint Stock Co.* "*Vimpel-Communications*," 2005 U.S. Dist. LEXIS 7717, at *6 (S.D.N.Y. 2005) (finding that "'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation]'") (citations omitted). Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*

##### a. West Virginia Is Typical

Rule 23(a)(3) requires that the named representative's claims be typical of the class' claims. *See* Fed R. Civ. P. 23(a)(3). The typicality requirement ensures that absent class members are adequately represented by evaluating whether the proposed lead plaintiff's interests are sufficiently aligned with the class's interest. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007). The essential characteristics of the proposed lead plaintiffs' claims must be the same or similar as the class's claims, but they need not be identical; "the United States Court of Appeals for the Tenth

Circuit has affirmed that factual differences among some of the class members will 'not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory.'" *Id.* (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)).

Here, West Virginia is typical because, just like all other class members, it purchased Sprint common stock during the Class Period and suffered damages thereby. *See* Johnson Decl., Ex. A. Thus, West Virginia's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

#### b. West Virginia Is Adequate

Under Fed. R. Civ. P. 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: (1) class members do not have interests that are antagonistic to one another; and (2) the proposed lead plaintiff and its counsel will vigorously prosecute the action on behalf of the class. *Lane*, 250 F.R.D. at 640. Here, West Virginia is adequate because its interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between West Virginia and the class and it has certified to its willingness to serve as a class representative. Johnson Decl., Ex. A. In addition, as shown below, West Virginia's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

### C. The Court Should Approve West Virginia's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, West Virginia has selected Coughlin Stoia to serve as lead counsel to the class. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Coughlin Stoia's securities department includes many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* Johnson Decl., Ex. C. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel. Because West Virginia has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Coughlin Stoia should be approved.

## IV. CONCLUSION

For the foregoing reasons, West Virginia respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED: May 11, 2009

Respectfully submitted,

SHAMBERG, JOHNSON & BERGMAN, CHTD.

/s/ Lynn R. Johnson
Lynn R. Johnson – KS #07041
2600 Grand Blvd., Suite 550
Kansas City, MO 64108
Telephone: 816/474-0004
816/474-0003 (fax)
ljohnson@sjblaw.com

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TOR GRONBORG
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

Document1

CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Randall E. Hendricks
Mark W. McGrory
Rouse Hendricks German May PC
1010 Walnut, Suite 400
Kansas City, MO 64106

Jay B. Kasner
Scott D. Musoff
Bryan J. Levine
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Bernard M. Gross
Deborah R. Gross
Law Offices of Bernard M. Gross, P.C.
100 Penn Square East, Suite 450
Wanamaker Bldg.
Philadelphia, PA 19107

James M. Orman
Law Offices of James M. Orman
1845 Walnut Street, 14th Floor
Philadelphia, PA 19103

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 11, 2009.

s/ Lynn R. Johnson
LYNN R. JOHNSON

SHAMBERG, JOHNSON & BERGMAN, CHTD.
2600 Grand Blvd., Suite 550
Kansas City, MO 64108
Telephone: 816/474-0004
816/474-0003 (fax)

E-mail: ljohnson@sjblaw.com

# Mailing Information for a Case 2:09-cv-02122-EFM-KMH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John J. Miller**
  millerlaw@prodigy.net

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)