**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CORA E. BENNETT, individually and on behalf of all others similarly situated, *Plaintiff*, vs. SPRINT NEXTL CORPORATION, GARY D. FORSEE, PAUL N. SALEH, and WILLIAM G. ARENDT, *Defendants*. | CASE NO. 09-2122-EFM |

**MEMORANDUM AND ORDER**

This is a class action suit brought on behalf of all persons who purchased or acquired Sprint Nextel Corp. ("Sprint Nextel") securities between 2006 and 2008. Plaintiffs allege that during the stated time, Defendants, Sprint Nextel, Gary Forsee, Sprint Nextel's former CEO and Chairman, Paul Saleh, Sprint Nextel's former CFO, and Qilliam Arendt, Sprint Nextel's former Senior Vice President and Controller, made a litany of false and misleading statements in violation of the federal securities laws, namely section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), the SEC's Rule 10b-5, 17 C.F.R. § 240.10b-5, and section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). This matter is now before the Court on Plaintiffs' motion to strike (Doc. 87). For the reasons stated below, the Court denies Plaintiffs' motion.

In their motion, Plaintiffs make two main arguments. First, Plaintiffs claim that a number of the defenses asserted by Defendants in their answer should be stricken or amended because they lack the necessary factual support. Second, Plaintiffs aver that the majority of Defendants' responses to their factual allegations do not comply with Rule 8 because they refer the Court to documents cited by Plaintiffs in their complaint, and, as such, do not clearly admit or deny Plaintiffs' contentions.

Plaintiffs' first argument is premised upon the belief that the heightened pleading standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*[1] and *Ashcroft v. Iqbal*[2] apply to a defendant's answer.[3] In *Twombly* and *Iqbal*, the Supreme Court reversed its earlier position on what Rule 8(a) required,[4] and held that, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[5] Since *Twombly* and *Iqbal*, district courts across the country, including this one, have been split on the question of whether the newly minted, more demanding standard applies equally to answers, which are governed by Rule 8(b) and (c), or is limited to just complaints.[6] For the reasons

---

[1] 550 U.S. 544 (2007).

[2] --- U.S. ----, 129 S. Ct. 1937 (2009).

[3] For purposes of this Order, when the Court refers to an answer, it is referring to a pleading filed by a defendant that merely responds to a plaintiff's allegations against it, not a pleading that also contains counterclaims.

[4] *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

[5] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

[6] *Compare Bowers v. Mort'g Elec. Registration Sys.*, 2011 WL 2149423, at *5 (D. Kan. June 1, 2011) (limiting the heightened pleading requirements to complaints only); *Falley v. Friends Univ.*, --- F. Supp. 2d ----, 2011 WL 1429956, at *4 (D. Kan. Apr. 14, 2011) (same) *with Hayne v. Green Ford Sales Inc.*, 263 F.R.D. 647, 649-50 (D. Kan. 2009) (finding that the new standard does apply to defenses stated in an answer).

that follow, the Court concludes that the standard set forth in *Twombly* and *Iqbal* should not apply to answers.

First, Rule 8's language suggests that two different standards should apply to complaints and answers. Section *a* of Rule 8 provides that complaints must contain "a short and plain statement of the claim *showing* that the pleader is *entitled* to relief."[7] The sections governing answers, *b* and *c*, however, do not demand such a showing; rather, at most, they merely require that the pleading state in short and plain terms the responder's defenses to each claim asserted against it.[8] Therefore, in light of the difference between the applicable provisions and the fact that the Supreme Court relied upon Rule 8(a)'s showing and establishing requirement when formulating its plausibility standard,[9] the Court finds that Rule 8's language militates against the application of the new pleading standard to answers.[10]

Second, the logic behind requiring a complainant to make a heightened showing – preventing baseless claims from opening the gates to expensive discovery and force an extortionate settlement[11] – does not apply with equal force to answers. For starters, unlike with a motion to dismiss, regardless

---

[7]Fed. Rule Civ. Proc. 8(a)(2) (emphasis added).

[8]*See* Fed. Rule Civ. Proc. 8(b)(1)(A).

[9]*See Iqbal*, 129 S. Ct. at 1950 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " (quoting Fed. Rule of Civ. Proc. 8(a)(2)) (alteration in original)); *Twombly*, 550 U.S. at 555 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " (alteration in original)).

[10]*See, e.g., Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010).

[11]*See, e.g., Twombly*, 550 U.S. at 559 ("[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence . . . ." (first alteration in original) (internal quotation marks omitted)).

of how the Court rules on a motion to strike, costly discovery is going to occur.  Furthermore, it is unlikely that the prospect of having to engage in discovery related to a defense that the plaintiff believes to be baseless will motivate the plaintiff to settle their claim instead of fighting the defense they think is without merit.[12]  Lastly, while it is possible that a plaintiff may incur some expense in performing discovery on unfounded defenses,[13] the Court believes that such costs pail in comparison to those thrust upon the defendant from the filing of a suit,[14] and that they can be greatly reduced through contention interrogatories and other discovery mechanics.[15]  As a result, the Court finds that the underlying purpose for applying heightened scrutiny to a complaint does not justify the extension of the *Twombly* and *Iqbal* decisions into the responsive-pleading realm.

Third, practical and judicial economy considerations warrant against holding a defendant's answer to the same standard as a complaint.  To begin with, principles of equity support limiting the imposition of stricter pleading requirements to just a complaint because the plaintiff typically has

---

[12]*Leon v. Jacobson Transp. Co., Inc.*, 2010 WL 4810660, at *1 (N.D. Ill. Nov. 10, 2010) ("The point of [adopting the plausibility standard] was to reduce nuisance suits filed solely to obtain a nuisance settlement.  The Court, though, has never once lost sleep worrying about defendants filing nuisance affirmative defenses and considers the risk that defendants would file nuisance defenses sufficiently small so as not to warrant extending *Twombly* and *Iqbal*.").

[13]The Court is of the impression that the fear that allowing frivolous defenses to remain in the answer will exact a measurable cost is greatly exaggerated.  As noted by another court, typically, no discovery will take place on baseless defenses because it will be readily apparent which affirmative defenses are not viable, and the parties will act accordingly.  *See Wells Fargo & Co.*, 750 F. Supp. 2d at 1052; *cf. Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) (noting that "[m]ost civil cases are resolved before trial, and the Court rarely has to deal with most affirmative defenses").

[14]*See, e.g.*, 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.08[1] (3d ed. 2011) ("There is no significant additional burden in requiring a plaintiff, the party who initiated the suit, to use discovery to explore underlying facts as to affirmative defenses that have been stated in the minimal or conclusory way contemplated by the language of Rule 8(c)(1).").

[15]*See, e.g., Vurimindi v. Fuqua Sch. of Bus.*, 2011 WL 3803668, at *3 (E.D. Pa. Aug. 29, 2011) (noting that "while an insufficiently plead complaint may unfairly subject a defendant to expensive and time-consuming discovery, the converse is not true with regard to affirmative defenses, in that a plaintiff may easily explore a defendant's affirmative defenses through contention interrogatories and other discovery" (citing *Fed. Trade Comm'n v. Hope Now Modifications*, 2011 WL 883202, at *3-4 (D.N.J. Mar. 10, 2011))).

significantly more time to develop factual support for their claims than a defendant does.[16] Additionally, due to the fact that the party served with an answer is generally not required or permitted to file a responsive pleading, the need for more factual development is greatly diminished in the answer context.[17]  Finally, because the remedy for striking defenses at this stage of the litigation is often to allow amendment, applying the plausibility standard here would likely have little to no positive impact on the progression of the litigation.[18]  Therefore, for these reasons, the Court finds that pragmatic considerations favor not applying the heightened-pleading standard to answers.

In sum, the Court concludes that the standard of review recently annunciated in *Twombly* and *Iqbal* should not apply to answers.  The Court is cognizant of the fact that a number, possibly a majority, of other courts have reached a different conclusion.  However, for the reasons discussed above, the Court finds that the concerns cited by these courts in support of their decision – one, that it is not fair to hold the plaintiff to a higher pleading standard than the defendant, and two, that boilerplate defenses clutter the docket and create unnecessary work[19] – are largely illusory.  As a result, the Court will adhere to the standard that it has traditionally applied to defenses asserted in an

---

[16]*See, e.g., Holdbrook v. SAIA Motor Freight Line, LLC*, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (highlighting the fact that the defendant generally only has twenty days to file their responsive pleading, while the plaintiff has as long as the applicable statute of limitation allows); *Leon*, 2010 WL 4810660, at *1 (same).

[17]*See, e.g., Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011).

[18]*See, e.g., Falley*, 2011 WL 1429956, at *4 ("Applying the *Twombly* standard, therefore, would likely result in increased motions practice with little practical impact on the case's forward progression."); *Wells Fargo & Co.*, 750 F.Supp. 2d at 1052 (stating that applying the plausibility standard in this context "would radically change civil practice in the federal courts" and likely lead to multiple rounds of motion practice being added to many cases, "increasing the burdens on the federal courts, and adding expense and delay for the parties").

[19]*See, e.g., Barry v. EMC Mort'g*, 2011 WL 4352104, at *3 (D. Md. Sept. 15, 2011) (setting forth the prevailing justifications for expanding *Twombly* and *Iqbal* to responsive pleadings).

answer – a defense should be struck only if there are no circumstances under which it could succeed.[20]

After reviewing the defenses challenged by Plaintiffs, and applying the applicable standard, the Court concludes that the defenses at issue satisfy the relevant requirements. As a consequence, to the extent Plaintiffs' motion seeks to strike or compel amendment to the defenses contained in Defendants' answer on the ground that they lack the necessary factual predicate, it should be denied.

With regard to Plaintiffs' second argument, the Court finds that it too fails. Rule 8(b) merely requires that the responding party admit or deny the allegations asserted against it. Here, in their answer, Defendants responded to each allegation lodged against them by admitting or denying it. The fact that many of Defendants' responses also referred the Court to documents cited to in Plaintiffs' complaint does not render those responses insufficient. Accordingly, Plaintiffs' second request should also be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to strike (Doc. 87) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[20]*See, e.g., Falley*, 2011 WL 149956, at *2.