UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| CORA E. BENNETT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 2:09-cv-02122-EFM-KMH |
| SPRINT NEXTEL CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF DEPOSITION AND REQUEST FOR DOCUMENTS

TO:      ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, plaintiffs, by their attorneys, will take the deposition of the following at the date, time and place indicated below:

| Name | Deposition Place/Date/Time |
|---|---|
| Mukesh Bajaj<br>c/o Charles F. Smith<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606 | Robbins Geller Rudman & Dowd LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br><br>June 5, 2012<br>9:00 a.m. |

The deposition will be taken before a notary public or some other person authorized by law to administer oaths.  You are invited to attend and cross-examine.  The examination will continue from day to day, excluding Sundays, until completed.  The examination will be recorded by stenographer, transcribed in LiveNote and will be videotaped.  This deposition is pursuant to a subpoena issued by plaintiffs' counsel on behalf of the United States District Court.

ADDITIONALLY, PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 34(c) and 45, plaintiffs have requested that the deponent produce on the documents identified in the Schedule A attached hereto, at the date, time and place indicated below:

| Name | Document Production Place/Date/Time |
|---|---|
| Mukesh Bajaj<br>c/o Charles F. Smith<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606 | Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br><br>May 18, 2012<br>10:00 a.m. |

PLEASE TAKE FURTHER NOTICE that the non-party listed above, pursuant to Fed. R. Civ. P. 45(e), may be held in contempt of Court if he fails without adequate excuse to obey the

subpoena served upon him and that the non-party has certain legal rights in response to plaintiffs'

subpoena served upon him outlined in Fed. R. Civ. P. 45(c) and (d).[1]

DATED:  May 7, 2012                    STUEVE SIEGEL HANSON LLP


                                       /s/ Rachel E. Schwartz
                                       Norman E. Siegel – D. Kan. #70354
                                       Rachel E. Schwartz – KS #21782
                                       460 Nichols Road, Suite 200
                                       Kansas City, MO  64112
                                       Telephone:  816/714-7112
                                       816/714-7101 (fax)
                                       siegel@stuevesiegel.com
                                       schwartz@stuevesiegel.com

                                       Liaison Counsel

                                       **ROBBINS GELLER RUDMAN & DOWD LLP**
                                       DARREN J. ROBBINS
                                       TOR GRONBORG
                                       JAMES E. BARZ
                                       BRIAN O. O'MARA
                                       655 West Broadway, Suite 1900
                                       San Diego, CA  92101-3301
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)
                                       darrenr@rgrdlaw.com
                                       torg@rgrdlaw.com
                                       jbarz@rgrdlaw.com
                                       bomara@rgrdlaw.com

                                       **MOTLEY RICE LLC**
                                       NATHAN D. FINCH
                                       1000 Potomac St., Ste. 150
                                       Washington, DC  20007
                                       Telephone:  202/232-5504
                                       202/232-5513 (fax)
                                       nfinch@motleyrice.com

---

[1]      These rights are reproduced in full at page three of the subpoena form served upon the above-listed non-party.

**MOTLEY RICE LLC**
JAMES M. HUGHES
VINCENT I. PARRETT
WILLIAM S. NORTON
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
vparrett@motleyrice.com
bnorton@motleyrice.com

**MOTLEY RICE LLC**
WILLIAM H. NARWOLD
MICHAEL J. PENDELL
20 Church Street, 17th Floor
Hartford, CT  06103
Telephone:  860/882-1676
860/882-1682 (fax)
bnarwold@motleyrice.com
mpendell@motleyrice.com

Co-Lead Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Rachel E. Schwartz
Rachel E. Schwartz

**SCHEDULE A**
**(Mukesh Bajaj)**

## I.   DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1.     "You" or "your" refers to Mukesh Bajaj and any of your employees, representatives, agents, attorneys, accountants, advisors, persons upon whom you relied for purposes of this engagement, and all other persons acting or purporting to act on your behalf or on behalf of the foregoing, including AFE Consulting.

2.     "Sprint" refers to Sprint Nextel Corporation, and includes its direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, and all of their present and former officers, directors, employees, agents, directors, attorneys, accountants, advisors, and all other persons acting or purporting to act on their behalf.

3.     "Document" or "documents" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and includes, without limitation, all physically and electronically stored data.

4.     "Any," "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

5.     "Engagement" refers to your retention to provide services in connection with this action, including preparation of the report submitted by you in connection with plaintiffs' motion for class certification.

## II.   INSTRUCTIONS

1.     In responding to these requests, you shall produce all responsive documents which are in your possession, custody or control, or in the possession, custody or control of your predecessors,

- 1 -

successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, attorneys, accountants or any other representative, including AFE Consulting.  A document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document.

2.　　Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Lead Plaintiffs original documents as they are kept in the usual course of business and you shall organize and label them to correspond with the categories in these requests.

3.　　In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Fed. R. Civ. P. 26(e).

4.　　If any responsive document was, but no longer is, in your possession or subject to your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

5.　　If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise, as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information:

(a)　　the privilege being asserted;

(b)　　the person on whose behalf the privilege is asserted;

(c)　　a precise statement of the facts upon which the claim of privilege is based; and

(d)      identify the purported privileged document including:

    (i)        its nature, *e.g.*, letter, memorandum, tape, etc.;

    (ii)       the date it was prepared;

    (iii)      the date the document bears;

    (iv)      the date the document was sent;

    (v)       the date it was received;

    (vi)      the name of the person who prepared the document;

    (vii)     the name(s) of the person(s) who received the document;

    (viii)    the name of each person to whom it was sent or was intended to be sent, including all addresses and all recipients of copies; and

    (ix)      a statement of whom each identified person represented or purported to represent at all relevant times.

6.      If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7.      You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 5 and 6 above) regardless of whether you consider the entire document to be relevant or responsive to the requests.

8.      The singular of any term includes the plural, the disjunctive shall include the conjunctive, and vice versa, and the use of one gender or pronoun shall include all others, as appropriate in the context.

9.      Provide a source list that clearly identifies who maintained the document and identifies the person or location it was collected from.

- 3 -

705871_1

### III.    FORM OF PRODUCTION

All electronically stored information ("ESI") should be produced in native format linked to single page tagged image file format ("TIFF"). ESI in TIFF format should be identified by an Opticon cross-reference file. All metadata – data that describes the electronic file, *e.g.*, "date last modified" – associated with ESI shall be produced in text format linked to the associated file.

### IV.    RELEVANT TIME PERIOD

All requests herein refer to the time period from January 1, 2009 through present (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared or published outside of the Relevant Time Period.

### V.    DOCUMENT REQUESTS

<u>REQUEST NO. 1</u>:

All results and underlying data for each of the regression analyses/event studies considered by you or AFE Consulting in connection with the May 1, 2012 Expert Report of Mukesh Bajaj, including, but not limited to, materials considered as part of those regression analyses/event studies.

<u>REQUEST NO. 2</u>:

All documents regarding any analysis of the market efficiency for any Sprint securities, including, but not limited to, any event study and all such analyses, including related data, done by you or AFE Consulting.

<u>REQUEST NO. 3</u>:

All articles or publications, declarations, reports, or testimony reflecting any analysis or opinion you have offered regarding the efficiency of the market for any securities, including, but not limited to, corporate bonds or the corporate bond market.

REQUEST NO. 4:

All documents related to market and/or industry indices, including trading data, considered in forming your opinions in this matter.

REQUEST NO. 5:

All documents or other materials regarding information you or AFE Consulting considered in forming any of your opinions from any of the following sources, including, but not limited to, documents identifying what materials you considered and what searches you ran:

      (a)    MarketAxess and/or www.marketaxess.com;

      (b)    Bloomberg and/or www.bloomberg.com;

      (c)    FINRA and/or www.finra.org;

      (d)    www.investinginbonds.com;

      (e)    www.sifma.org; and

      (f)    Standard & Poors and/or www.standardandpoors.com/ratings/definitions-and-faqs/en/us#def_1.

REQUEST NO. 6:

All documents or other materials regarding any "[s]taff communications with MarketAxess representatives" as set forth on page 4 of Exhibit 2 and footnotes 168-199 of the May 1, 2012 Expert Report of Mukesh Bajaj.

REQUEST NO. 7:

All documents or other materials regarding any "communications of my staff with Bloomberg Counsel" as set forth in footnote 166 of the May 1, 2012 Expert Report of Mukesh Bajaj.

- 5 -

REQUEST NO. 8:

     All analyst reports, industry literature, market reports, press releases, SEC filings, conference call transcripts, or other materials pertaining to Sprint or Sprint securities you considered in forming your opinions in this matter.

REQUEST NO. 9:

     Documents sufficient to identify how any analyst reports, market reports, press releases or conference call transcripts you or AFE Consulting considered in forming your opinions in this matter were selected.

REQUEST NO. 10:

     All documents or other materials concerning the "corrections" you made to the TRACE Data, as described in Appendix 5 to the May 1, 2012 Expert Report of Mukesh Bajaj, including the analysis of the TRACE Data and the results of the "corrections."

REQUEST NO. 11:

     All retention letters, contracts and agreements for the services you have provided, or will be providing, in connection with this matter and your engagement by defendants, Skadden Arps, Slate, Meagher & Flom LLP ("Skadden") or Rouse Hendricks German May PC ("Rouse Hendricks").

REQUEST NO. 12:

     All invoices and fee requests by you or AFE Consulting, or on your behalf, for services performed in connection with this matter and your engagement by defendants, Skadden or Rouse Hendricks.

REQUEST NO. 13:

     All correspondence with AFE Consulting considered in forming your opinions in this matter.

705871_1

REQUEST NO. 14:

Documents sufficient to identify all persons or entities who assisted you in this matter.

REQUEST NO. 15:

Documents sufficient to identify the total fees paid to you for any work you performed on behalf of Sprint in the last five years.

REQUEST NO. 16:

Documents or other materials sufficient to identify any arbitrage profits realized or losses incurred by you as a result of investing or trading activity in the corporate bond market during the past ten years.

REQUEST NO. 17:

Documents or other materials sufficient to identify any ownership or transactions in Sprint securities during the past ten years.

705871_1