# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CORA E. BENNETT, individually and on behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, GARY D. FORSEE, PAUL N. SALEH, and WILLIAM G. ARENDT,<br><br>*Defendants.* | Case No. 09-2122-EFM |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Lead Plaintiffs PACE Industry Union-Management Pension Fund, Skandia Life Insurance Company, and West Virginia Investment Management Board, to strike an expert witness report submitted by Plaintiffs, including any portions of Plaintiffs' class-certification reply brief relying thereon (Doc. 172). For the reasons set forth below, the Court denies Defendants' motion to strike Plaintiffs' expert report, but grants Defendants leave to file a surreply in opposition to class certification.

## I. Factual and Procedural Background

Plaintiffs assert this class action against Sprint Nextel Corporation and its former officers, Gary D. Forsee, Paul N. Saleh, and William G. Arendt, alleging violations of the Securities Exchange Act of 1934.[1] On November 17, 2011, Plaintiffs filed their motion for class certification (Doc. 116). To satisfy the predominance requirement under Rule 23(b)(3), Plaintiffs rely upon a fraud-on-the-market theory and allege that Sprint securities traded in an efficient market.[2] In their motion for class certification, Plaintiffs did not provide expert testimony regarding market efficiency, but instead relied upon a declaration from Plaintiffs' counsel, Brian O. O'Mara ("O'Mara Declaration").[3] In his declaration, O'Mara asserts that during the proposed class period, market efficiency for Sprint securities was demonstrated by several factors, including the large number of dealers and by the bid-ask spread reported by Bloomberg, LP.[4]

In their memorandum opposing class certification (Doc. 160), Defendants argue that the O'Mara Declaration is insufficient to demonstrate market efficiency. Defendants also produced the expert report of Mukesh Bajaj ("Bajaj Report"),[5] which concluded that Sprint Bonds did not trade in an efficient market during the proposed class period. Plaintiffs subsequently filed their reply memorandum in support of class certification (Doc. 171), which presented for the first time

---

[1] 15 U.S.C. § 78j(b).

[2] *See Basic v. Levinson*, 485 U.S. 224, 248 n. 27 (1998) (holding that class plaintiffs must establish market efficiency to prevail under a fraud-on-the-market theory).

[3] O'Mara Decl., Doc. 117-5, at 1.

[4] *Id.* at 3-4.

[5] Bajaj Rpt., Doc. 161-1, at 2.

an expert report from Candace L. Preston, CFA (the "Preston Report").[6] The Preston Report provides expert testimony regarding market efficiency and addresses the conclusions of Defendants' expert.[7] Defendants now ask the Court to strike the Preston Report and any portion of Plaintiff's reply memorandum relying upon the testimony therein. In the alternative, Defendants request leave to file a surreply opposing class certification after an opportunity to conduct discovery with respect to Plaintiffs' expert.

## II.  Analysis

To establish their fraud-on-the-market theory, Plaintiffs bear the burden of proving that the relevant Sprint securities traded in an efficient market.[8] Expert testimony is not affirmatively required to establish market efficiency, and courts are not to require a battle of experts at the certification stage.[9] However, conclusory allegations are insufficient, and class action plaintiffs typically establish market efficiency through expert testimony.[10] Due to the complex issues involved, courts often benefit from the statistical, economic, and mathematical analysis of experts in determining market efficiency for the purpose of class certification.[11]

---

[6] Preston Report, Doc. 171-6, at 2.

[7] *See id.*

[8] *Basic v. Levinson*, 485 U.S. 224, 248 n. 27 (1998).

[9] *Unger v. Amedisys Inc.*, 401 F.3d 316, 326 (5th Cir. 2005) ("There is no requirement for expert testimony on the issue of market efficiency . . . ."); *In re Computer Sciences Corp. Sec. Litig.*, 288 F.R.D. 112 (E.D. Va. 2012) (rejecting an argument that expert testimony is required to prove market efficiency).

[10] *Unger*, 401 F.3d at 325; *In re DVI Inc. Sec. Litig.*, 249 F.R.D. 196, 209 n. 19 (E.D. Pa. 2008) ("In determining if there is an efficient market for DVI's common stock, the Court must make a legal determination based on the arguments of counsel and supported by expert witness reports."), *aff'd*, 639 F.3d 623 (3d Cir. 2011).

[11] *Unger*, 401 F.3d at 326 (citations omitted).

Courts in this circuit generally refuse to consider new evidence offered for the first time in a reply brief.[12] When a plaintiff presents an expert opinion for the first time in its reply brief, the delay effectively deprives a defendant of an opportunity to meaningfully respond.[13] Courts are especially prone to reject expert testimony presented for the first time in a reply brief when the presenting party carries the original burden of proof.[14] As Defendants point out, "to allow Plaintiffs to submit rebuttal expert testimony in the absence of an initial expert report would stand Plaintiff's burden of proof on its head."[15] Here, Plaintiffs characterize the Preston Report as a mere rebuttal opinion that could not have been created before Plaintiffs reviewed the Bajaj Report. The Court disagrees. While the Preston Report certainly evaluates the Bajaj Report and does not raise completely new issues, it constitutes new evidence primarily addressing market efficiency, an issue for which Plaintiffs carries the initial burden of proof.[16]

However, the Court's First Revised Scheduling Order (Doc. 159) provides that Plaintiffs are not required to disclose expert witnesses until September 13, 2013, and expert discovery does not close until January 31, 2014.[17] Accordingly, the expert disclosure deadline had not yet passed when Plaintiffs filed presented the Preston Report, and ample time remains for

---

[12] *Armstrong v. Genesh, Inc.*, 2011 WL 6151416, *1 (D. Kan. Dec. 12, 2011); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001) ("Courts in this district generally refuse to consider issues raised for the first time a reply brief."); *Starkey ex rel. A.B. v. Boulder County Soc. Services*, 569 F.3d 1244, 1259 (10th Cir. 2009).

[13] *Armstrong*, 2011 WL 6151416, at *1.

[14] *In re Taco Bell Wage & Hour Actions*, 2011 WL 4479730, *7 (E.D. Cal. Sept. 26, 2011) (refusing to consider an expert declaration submitted in plaintiffs' reply in support of class certification because "[n]ew evidence or analysis presented for the first time in a reply will not be considered").

[15] *Shaw v. Am. Honda Motor Co., Inc.*, 2010 WL 4687836, *1 (E.D. La. Nov. 10, 2010).

[16] *See Gipson v. Sw. Bell Tel. Co.*, 2009 WL 1044941, *4 (D. Kan. Apr. 20, 2009) (striking declarations presented for the first time in plaintiffs' reply even though they did not raise new issues because "all declarations supporting . . . certification should have been included in Plaintiffs' original motion . . . .").

[17] First Revised Sched. Order, Doc. 159, at 1.

Defendants to conduct discovery regarding Plaintiffs' expert. While the Court strongly discourages Plaintiffs' presentation of expert testimony in their reply brief, the Court finds that striking the Preston Report altogether would improperly inhibit a determination of market efficiency on the merits. On the other hand, because Plaintiffs did not present the Preston Report in their original motion for class certification, Defendants have been unfairly deprived of an opportunity to evaluate whether the expert testimony is sufficient to carry Plaintiffs' burden of proof. Therefore, the Court finds that Defendants should be granted leave to file a surreply in opposition to class certification after having an opportunity to conduct discovery with respect to the Preston Report.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Strike the Expert Report of Candace L. Preston and Portions of Reply in Further Support of Plaintiffs' Motion for Class Certification (Doc. 172) is hereby **DENIED** with respect to Defendants' request that the Court strike Plaintiffs' expert report, and **GRANTED** with respect to Defendants' request for leave to file a surreply in opposition to class certification.

**IT IS FURTHER ORDERED** that Defendants are hereby **GRANTED LEAVE** to file a surreply in opposition to Plaintiffs' motion for class certification on or before May 31, 2013.

**IT IS SO ORDERED**.

Dated this 25th day of March, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE