UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CORA E. BENNETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:09-cv-02122-EFM-GEB<br>)<br>)<br>)<br>)<br>) |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND LEAD PLAINTIFFS' EXPENSES**

This matter having come before the Court on August 5, 2015, on the motion of Lead Plaintiffs for an award of attorneys' fees and expenses and Lead Plaintiffs' expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Litigation to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of March 26, 2015 (the "Stipulation").

2. The Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice of Lead Plaintiffs' motion for an award of attorneys' fees and expenses and Lead Plaintiffs' expenses was directed to all Persons

- 2 -

and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the application for fees and expenses and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Members of the Class to be heard with respect to the motion for fees and expenses.

4. The Court hereby awards Lead Counsel attorneys' fees of 22% of the Settlement Amount and expenses of $3,434,112.10 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Amount until paid. Said fees shall be allocated among Lead Plaintiffs' counsel by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of recovery" method considering, among other things that:

(a) the requested fee is consistent with percentage fees negotiated *ex ante* in the private market for legal services;

(b) the contingent nature of the Litigation favors a fee award of 22%;

(c) the Settlement Amount of $131 million was not likely at the outset of the Litigation;

(d) the awarded fee is in accord with Tenth Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

(e) the quality legal services provided by class counsel produced the settlement;

(f) the Lead Plaintiffs appointed by the Court to represent the Class reviewed and approved the requested fee;

(g) the stakes of the Litigation favor the fee awarded; and

(h) the reaction of the Class to the fee request supports the fee awarded.

- 3 -

        5.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiffs PACE Industry Union-Management Pension Fund, Skandia Mutual Life Insurance Company and the West Virginia Investment Management Board $13,927.69, $14,647.50 and $14,345.25, respectively, for their time and expenses in representing the Class.

        6.      The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: August 12, 2015

*Eric F. Melgren*
THE HONORABLE ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE